IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DON NORTON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 13-3316 |
| ) | |
| CITY OF SPRINGFIELD, et al., ) | |
| ) | |
| Defendants. ) | |

OPINION

RICHARD MILLS, United States District Judge:

In an Opinion and Order entered on December 15, 2017, the Court awarded the Plaintiffs $333,830.80 in attorney's fees and $400.00 in costs.

Pending is the Plaintiffs' Motion to Enforce the Judgment.

Motion allowed.

I.

The Plaintiffs state that, after inquiring about payment of the judgment, Counsel for the Defendants advised that the City would "elect to pay the judgment in 10 annual installments" and would not make the first installment payment until a year after the judgment was entered. However, the City offered to satisfy the judgment "in full by late March" "if the plaintiffs in Norton II [*Norton et al. v City of Springfield*, Case No. 15-3276] were to dismiss that case." *Id*. At the time,

1

Norton II was pending before the Court. The Court recently awarded summary judgment in favor of the Plaintiffs in that case.

The Plaintiffs claim that the City lacks a valid basis to delay payment of the judgment for fees and costs. The Plaintiffs ask the Court to enter an Order requiring prompt payment under Federal Rule of Civil Procedure 69 and 70.

The City contends the Plaintiffs' motion lacks foundation in federal or Illinois procedural law and does not follow the protocol for execution of judgments.

## II.

The City claims the Plaintiffs are attempting to circumvent Federal Rule of Civil Procedure 69(a), which establishes the normal procedure for executing judgments, and provides as follows:

> (1) ***Money Judgment; Applicable Procedure.*** A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
> (2) ***Obtaining Discovery.*** In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69.  Federal Rule of Civil Procedure 70 addresses the enforcement of a judgment for a specific act.

Additionally, the State of Illinois has enacted 735 ILCS 5/12-501, which provides for the registration of federal court judgments for the purpose of conducting execution procedures, as follows:

> Judgments of courts of the United States held, within this State, and all process, returns, certificates of the levy of a process, and records of such courts may be registered, recorded, docketed, indexed or otherwise dealt with in, the public offices of this State, so as to make them conform to the rules and requirements relating to judgments of courts of this State.  A certified copy of a federal judgment order entered in this State may be filed in any circuit court and shall be afforded recognition as if it were a judgment entered in any other circuit court of this State.

735 ILCS 5/12-501.

The City contends that instead of initiating normal judgment execution proceedings, the Plaintiffs have immediately sought an order compelling payment in full of the judgment.

The City notes it has invoked 745 ILCS 10/9-104 to pay the judgment amount in ten annual installments.  The statute provides in part that "if a local public entity does not pay a tort judgment during the fiscal year in which it becomes final and if, in the opinion of its governing body, the payment of the judgment creates an unreasonable financial hardship for the local public entity it shall pay the balance of the judgment, with interest thereon, in installments."  745

ILCS 10/9-104(a). The court entering judgment can allow the government entity to pay in ten or less annual installments if certain conditions are met. 745 ILCS 10/9-104(b). A "tort judgment" is defined as "a final judgment founded on an injury, as defined by this Act, proximately caused by a negligent or wrongful act or omission of a local public entity or an employee of a local public entity while acting within the scope of his employment." 745 ILCS 10/9-101(d)

The City states that it has not declined to participate in any normal judgment execution proceedings. The Plaintiffs have not initiated such proceedings or sought a writ of execution. The City notes it has not sought a hearing because it did not know whether the Plaintiffs intended to pursue enforcement proceedings in state court under 735 ILCS 5/12-501 or in this Court.

In *Yang v. City of Chicago*, 195 Ill.2d 96 (2001), the Illinois Supreme Court stated that "[a]ttorney fees do not constitute a 'tort judgment,' as that term is defined in the Tort Immunity Act." *Id*. at 105. Therefore, the court held that § 9-102 of the Tort Immunity Act (which "empowered and directed" a local government entity "to pay any tort judgment or settlement for compensatory damages for which it or an employee while acting within the scope of his employment is liable") does not provide for attorney fees. *See id*. at 105, 108.

The Tort Immunity Act was later amended to read in pertinent part, "A local public entity is empowered and directed to pay any tort judgment or settlement for

4

compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article." 745 ILCS 10/9-102 (as amended 8-21-02). The legislature did not amend the definition of "tort judgment." The definition set forth in § 9-101(d) does not address attorney's fees. The *Yang* court's interpretation of "tort judgment"—that it does not encompass an award of attorney's fees—remains good law. The installment-payment provision of the Tort Immunity Act, § 9-104, still applies only to a "tort judgment" and has not been amended to apply to judgments for attorney's fees. *See* 745 ILCS §10/9-104.

    The Seventh Circuit's decision in *Winston v. O'Brien*, 773 F.3d 809 (7th Cir. 2014) makes it clear that the amendments to the Tort Immunity Act did not alter the meaning of "tort judgment" to encompass awards of fees and costs. The court in *Winston* cited *Yang* in noting that "the legislative purposes of § 9-102 and § 1988 did not justify extending § 9-102 beyond its plain language." *See id.* at 813-14. Moreover, "[t]he policy arguments rejected in *Yang* are no more persuasive as a reason to abandon a plain reading of § 9-102 now that the statute has been amended to clarify that municipalities "may" indemnify fees when they so choose." *Id.* at 814. An award of attorney's fees is not considered a tort judgment even under the amended statute. Accordingly, the Court is not persuaded by the City's suggestion that attorney's fees are now encompassed within § 9-104.

5

Based on the foregoing, it is apparent that § 9-104 of the Tort Immunity Act does not apply to judgments for attorney's fees and costs. Accordingly, § 9-104 cannot be used as authority for the City to make ten annual payments to satisfy the judgment for attorney's fees and costs.

Even if the statute did authorize the City to make installment payments over ten years, it is highly unlikely that the City would qualify for such a payment plan. Section 9-104 permits payment by such an installment plan if immediate payment would create "an unreasonable financial hardship" for the City in the "opinion of its governing body." The Plaintiffs note that the judgment amount at issue, $334,230, amounts to 0.1 percent of the City's total annual budget of $333,380,746, based on the City's 2016 Fiscal Year Budget. Based on those resources, it would not appear that the City could plausibly claim that payment would result in "an unreasonable financial hardship."

Attached to the Plaintiff's motion is an exhibit [Doc. No. 58] consisting of email correspondence between Counsel for the Plaintiffs and Counsel for the City. The email from Counsel for the City states that the City will not invoke its right to payment by ten annual installments under 745 ILCS § 10/9-104 if the Plaintiffs agreed to dismiss Norton II and any claim to attorney's fees in that case. The City states that payment of attorney's fees and costs as ordered would then be made within two to four weeks.

6

In its response, the City states that it would demonstrate hardship by presenting financial testimony regarding ongoing budget deficits of the City, recently enacted tax increases and cost cutting measures, uncertainty of the resumption or continuation of past revenue sharing distributions from the State of Illinois, and uncertainty regarding future litigation obligations and pension funding requirements. Attached to the City's response is a draft ordinance reflecting these factors.

The Court recognizes that a hearing is typically required before a determination of "unreasonable hardship." *See* 745 ILCS 10/9-104(b). However, that the fact the City made the offer to satisfy the judgment in full indicates that the City cannot establish that "unreasonable financial hardship" would ensue.[1]

Therefore, the Court concludes that the City's reliance on the Tort Immunity Act is misplaced. The installment payment provision does not apply to judgments for attorney's fees and costs. Even if the installment payment provision did apply,

---

[1] Under Federal Rule of Evidence 408, an offer of settlement generally is not permitted "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." The Court notes that because the Plaintiffs are prevailing parties, the validity of the award is not in question. Moreover, the amount of the award is not being disputed at this stage. The Court is considering the correspondence only to the extent it relates on the City's ability to satisfy the judgment without incurring an unreasonable hardship. Accordingly, the Court is not considering the correspondence between counsel for any improper purpose.

it appears unlikely that that the City could show that immediate satisfaction of the judgment would result in unreasonable hardship.

An award of attorney's fees is authorized to the prevailing party in cases brought pursuant to 42 U.S.C. § 1983, such as this one. *See* 42 U.S.C. § 1988(b) ("In any action or proceeding to enforce a provision of section[] . . . 1983 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." Section 1988 does not include language addressing delay or permitting payment by installment plan.

The Plaintiffs note that Rule 70(a) of the Federal Rules of Civil Procedure provides in part: "If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done." Fed. R. Civ. P. 70(a). Additionally, Rule 69(a)(1) authorizes the court entering judgment to "direct" how the judgment is to be enforced in accordance with applicable federal statutes. Fed. R. Civ. P. 69(a)(1).

The Court concludes there is no legitimate basis to delay the award of attorney's fees and costs. The petition for attorney's fees was allowed on December 15, 2017. The record establishes that the City appears to be financially capable of making immediate payment. Pursuant to Rule 69(a), therefore, the Court will order the City to satisfy the judgment.

<u>Ergo</u>, the Plaintiffs' Motion to Enforce Judgment for Attorney's Fees and Costs [d/e 57] is ALLOWED.

Defendant City of Springfield is DIRECTED to pay the judgment for the attorney's fees and costs as previously ordered, plus post-judgment interest.

Plaintiffs are granted leave to file a supplemental petition for reasonable attorney's fees related to litigation of this motion.

ENTER: August 27, 2018

    FOR THE COURT:

    /s/ *Richard Mills*
Richard Mills
United States District Judge